**FILED**
**IN CLERK'S OFFICE**
**U S DISTRICT COURT E D N Y**

★   MAY 20 2015   ★

**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROSS LELIN,

                                        Plaintiff,                    ORDER

              -against-                                               CV 13-6430

BANK OF AMERICA, N.A. and PHILIP                                      (Wexler, J.)
MANFRE as an aider and abettor, in his individual
and official capacity,

                                        Defendants.
-----------------------------------------------------------------------X

       This is an employment discrimination action in which the Plaintiff, Ross Lelin, alleges

that his former employer, Bank of America, N.A., and his supervisor, Philip Manfre, unlawfully

discriminated against him on the basis of race, age and national origin.  Plaintiff brings his claims

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-2 et seq., the Age

Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and New York

Executive Law §§ 290 et seq. (the New York Human Rights Law or "NYSHRL").  Plaintiff also

asserts claims for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"),

violation of New York Labor Law §§ 190 et seq., and for breach of contract.   Presently before

the Court is Defendants' motion for partial summary judgment, seeking judgment as a matter of

law with respect to eleven of the thirteen claims asserted in the Amended Complaint.

       As a threshold matter, Plaintiff failed to file a counter-statement of material facts as

required by Local Civil Rule 56.1(b).  Plaintiff did, however, file an affidavit in response to

Defendants' motion, which seeks to refute many of the factual statements set forth in

Defendants' 56.1 statement.  While generally, a "plaintiff['s] failure to respond or contest the

facts set forth by the defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed," Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003), a district court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co, 258 F.3d 62, 73 (2d Cir. 2001)). Given the clear factual issues present in this action, the Court declines to adopt the factual statements set forth in Defendants' 56.1 statement as undisputed.

However, Plaintiff has also failed to oppose Defendants' motion for summary judgment with respect to his claims for retaliation under both Title VII and the NYSHRL, aider and abettor liability under the NYSHRL and failure to pay earned commissions in violation of the New York Labor Law. Plaintiff's memorandum of law in opposition to Defendants' motion does not address these claims in any way; nor does it contain any argument in response to the grounds submitted by Defendants in support of their motion.

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Maher v. Alliance Mortgage Banking Corp., 650 F. Supp. 2d 249, 267 (E.D.N.Y. 2009) (quotation omitted) (citing cases); Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone."). Accordingly, the Court deems Plaintiff's claims for retaliation (the Seventh and Eighth Claims for Relief asserted in the Amended Complaint), aider and abetter liability (the Ninth Claim for Relief) and failure to pay earned commissions in violation of New

York Labor Law (the Tenth Claim for Relief) to be abandoned and Defendants are granted summary judgment with respect to those claims.

With respect to the remaining claims on which Defendants seek summary judgment, having reviewed the papers in support of and in opposition to the motion, the Court finds that genuine issues of material fact exist with respect to Plaintiff's claims of race, age and national origin discrimination, as well as Plaintiff's breach of contract claim. Such issues of fact preclude the entry of summary judgment at this time.

For the foregoing reasons, Defendant's motion for partial summary judgment is granted in part and denied in part. Defendants are granted summary judgment with respect to the Seventh, Eighth, Ninth and Tenth Claims for Relief contained in the Amended Complaint. In all other respects, the motion is denied. Jury selection will take place, as scheduled, on June 8, 2015.

**SO ORDERED:**

Dated: Central Islip, New York
     May 20, 2015

                                s/ Leonard D. Wexler
                                LEONARD D. WEXLER
                                United States District Judge